USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MIRALEM LJULJANOVIC,

Defendant.

26-cr-113 (MKV)

ORDER DENYING REQUEST FOR BOND MODIFICATION

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Defendant Miralem Ljuljanovic's letter motion requesting modification of his conditions of pretrial release. [ECF No. 64]. At Defendant's April 2, 2026 presentment before Magistrate Judge Lehrburger, the Government sought Defendant's detention based on his dangerousness and flight risk. Apr. 2, 2026 Presentment Tr. at 6:18–22 [ECF No. 32]. Defense counsel sought bail and asked the Court "to impose the same conditions of release" that were imposed following his arrest and presentment in February of 2026 including, as relevant here, home detention. *Id.* at 10:25–11:3 [ECF No. 32]; *see also* Apr. 3, 2026 Hr'g Tr. at 2:23–3:4 [ECF No. 35] (discussing home detention as a prior condition of release). Magistrate Judge Lehrburger granted Defense counsel's request and imposed home detention as a condition of pretrial release, which Judge Koeltl affirmed. *See* [ECF Nos. 29, 30]. Defendant now seeks to be placed on curfew enforced by GPS monitoring instead of home detention. *See* [ECF No. 64].

The Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). When considering an application to modify conditions of pretrial release, the court considers "the statutory standards applicable to the setting of bail." *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981). These include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger posed to the

community. *See* 18 U.S.C. § 3142(g). As this Court noted in denying a similar request from co-Defendant Adem Gjevukaj, *see* [ECF No. 57], "courts in this district have found that judicial authorization to amend a release order under section 3142(c) arises where there is a changed situation or new information that warrants altered release conditions." *United States v. Bankman-Fried*, No. 22-CR-0673 (LAK), 2023 WL 1490417, at *2 (S.D.N.Y. Feb. 1, 2023) (citation modified).

In support of his request, Defendant references the small apartment he shares with his fiancé, the "significant personal challenges" he has faced in the past months, and his lack of violations and "positive relationship with his pretrial officer." [ECF No. 64 at 1]. Neither the fact that Defendant continues to share the same apartment nor his required compliance with the conditions of bail indicates a changed situation or new information supporting modification of release conditions. While the Court is sympathetic to the personal anguish caused by his brother's untimely passing, courts in this Circuit even have rejected bail modification requests made to visit an ailing family member "where a family member's health conditions did not relate to the determination of whether [the] defendant is a flight risk or danger to society." *United States v. Rains*, No. 22-CR-18 (NSR), 2022 WL 4534540, at *2 (S.D.N.Y. Sept. 28, 2022) (collecting cases).

In short, Defendant's letter does not support altering the pretrial release conditions that his counsel previously requested. Accordingly, Defendant's motion is DENIED.

The Clerk of Court is respectfully requested to terminate docket entry number 64.

**SO ORDERED.**

**Date:** **October 28, 2026**
**New York, NY**

Mary Kay Vyskocil
MARY KAY VYSKOCIL
United States District Judge